UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER JOSHUA LABRECK (#799461),

    Plaintiff,

                              CASE NO. 2:14-CV-10247
                              JUDGE LAURIE J. MICHELSON
                              MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

AARONS RENTAL, ET AL.

    Defendants.
_____/

**ORDER DEEMING MOOT PLAINTIFF'S MAY 21, 2014 MOTION FOR ORDER TO SHOW CAUSE (Doc. Ent. 24) and DIRECTING PLAINTIFF TO FILE A NOTICE OF CHANGE IN ADDRESS/CONTACT INFORMATION**

**A.    Plaintiff filed the instant lawsuit while incarcerated at the MDOC's DRF.**

**1.**    On January 17, 2014, while incarcerated at the Michigan Department of Corrections' Carson City Correctional Facility (DRF), Peter LaBreck (#799461) filed the instant lawsuit against (a) Aaron's Rental, (b) the store manager and (c) the corporate entity.  Doc. Ent. 1.

**2.**    On January 31, 2014, while still incarcerated at DRF, plaintiff informed the Court that his address was 43855 Harlequin Lane, Clinton Township, MI 48038.  Doc. Ent. 4.  However, during February 2014, materials (Doc. Entries 5, 7) sent by the Court to plaintiff at this address were returned as undeliverable (Doc. Entries 9-11).  Also, counsel for Aaron's Rental claims to have attempted service of its March 6, 2014 appearances (Doc. Entries 13 & 14) upon plaintiff at this address, but the appearances were returned as undeliverable.  Doc. Ent. 15 at 6.

**B.    Plaintiff's address changed to the Midland County Jail (MCJ), and he subsequently filed an amended complaint.**

**1.**    On March 20, 2014, plaintiff filed notice that his address had changed to 105 Fast Ice

Drive, Midland, MI 48642 (Doc. Ent. 16) - the address for Midland County Jail inmate mail.[1]

At the time he filed his notice of change of address, plaintiff also filed an emergency motion for court assistance with motion filing (Doc. Ent. 17).  On April 14, 2014, Judge Roberts entered an order (Doc. Ent. 19) denying plaintiff's motion (Doc. Ent. 17) as moot.  Specifically, she noted:

> Plaintiff filed a motion for Court assistance to get supplies to prepare documents for filing.  The Court contacted Midland County Jail regarding procedures to obtain supplies, and was told that Mr. Labreck can request a "starter pack" which includes the supplies requested.  Indigent inmates are entitled to receive supplies every 2 weeks.  Otherwise, supplies are available for purchase at the commissary.  Mr. Labreck has the ability to request supplies and further assistance from this Court is unnecessary.

Doc. Ent. 19 at 1.[2]

**2.**	In the meantime, on March 13, 2014, defendant Aaron's Rental filed a motion for more definite statement pursuant to Fed. R. Civ. P. 12(e).  Doc. Ent. 15.  On April 9, 2014, while incarcerated at the Midland County Jail (MCJ), plaintiff filed a more definite statement.  Doc. Ent. 18.  Aaron's Rental filed an answer on May 7, 2014.  Doc. Ent. 21.

On May 14, 2014, Judge Michelson filed an order (Doc. Ent. 22) deeming moot Aaron's Rental's motion for more definite statement (Doc. Ent. 15) and requiring plaintiff to file an amended complaint.

**3.**	On May 21, 2014, while incarcerated at MCJ, plaintiff filed an amended complaint.  Doc. Ent. 23.  Therein, plaintiff alleges:

> While [arguing] with defendant, John Doe, Store Manager (an employee representative of defendant Aaron's Rental, and/or John Doe, Corporate Entity), at defendant Aaron's Rental, between October 18th 2013 and November 7th 2013,

---

[1]*See* http://www.co.midland.mi.us/departments/extra.php?id=26&pid=634.

[2]On May 6, 2014, this case was reassigned from Judge Roberts to Judge Michelson.  Doc. Ent. 20.  On June 11, 2014, the undersigned was assigned as the Magistrate Judge.

> defendant John Doe, Store Manager[,] made several comments indicating and stating that he was denying plaintiff's lease/credit application based upon race, and indicating that this was normal business practice for him and Aaron's Rental.
>
> Defendants violated plaintiff's constitutional rights under the Fourteenth and Fifteenth Amendments, violated the Consumer Credit Protection Act, and caused plaintiff stress and mental anguish. Additionally, defendants['] actions resulted in plaintiff being unable to work for several weeks, resulting in a loss of approximately $100,000 in revenue to plaintiff's business.

Doc. Ent. 23 ¶¶ 5, 6.

On May 22, 2014, Aaron's Rental filed an answer (Doc. Ent. 25) to plaintiff's amended complaint (Doc. Ent. 23).

## C.    Plaintiff filed the instant motion while still incarcerated at MCJ.

Currently before the Court is plaintiff's May 21, 2014 motion (Doc. Ent. 24) to show cause, which plaintiff filed while residing at MCJ. Therein, plaintiff mentions the representations made by the MCJ and embodied in the Court's April 14, 2014 order (Doc. Ent. 19), as well as the response he received to his MCJ Grievance ID No. 26587. Doc. Ent. 24 at 1 ¶¶ 1-4. Furthermore, plaintiff contends, MCJ is interfering with his constitutional right to access the courts and his ability to prepare and present this action. Doc. Ent. 24 at 2 ¶ 5.

LaBreck seeks "to demonstrate that the Midland County Sheriff's Office has lied to this Court." Doc. Ent. 24 at 1. Specifically, LaBreck requests that the Court (a) find the Midland County Sheriff's Office in contempt for lying to the Court and (b) direct the MCJ to provide plaintiff (1) "plain white copy paper for writing motions," (2) "copies of motions," and (3) "envelopes and postage for any mail addressed to the Court, the Clerk of the Court, or defendants." Doc. Ent. 24 at 2.

## D.    Plaintiff is currently incarcerated at the MDOC's MRF.

3

Peter Joshua LaBreck (#799461) is currently incarcerated at the Michigan Department of Corrections (MDOC) Macomb Correctional Facility (MRF) in New Haven, Michigan. *See* www.michgian.gov/corrections, "Offender Search." MRF is located in Macomb County, Michigan. *See* www.michigan.gov/corrections, "Prisons," "Location Map."

Plaintiff is now in the custody of the MDOC. Thus, to the extent he seeks materials to prosecute the instant case, plaintiff should employ the procedures available to him under the appropriate MDOC's Policy Directives. *See, i.e.*, MDOC PD 05.03.116 ("Prisoners' Access to the Courts") and MDOC PD 05.03.118 ("Prisoner Mail").

**E.     Order**

Upon consideration, plaintiff's May 21, 2014 motion to show cause (Doc. Ent. 24) is DEEMED MOOT, because it seeks injunctive relief from an institution (Midland County Jail) at which plaintiff no longer resides.

Furthermore, within ten (10) days of the date of this order, plaintiff is DIRECTED to file a notice of change in address/contact information.

Finally, the Clerk of the Court is DIRECTED to serve plaintiff with this order at both the address of record *and* MRF.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: June 17, 2014          s/Paul J. Komives
                              PAUL J. KOMIVES
                              UNITED STATES MAGISTRATE JUDGE

4

I hereby certify that a copy of the foregoing was sent to parties of record on June 18, 2014, electronically and/or by U.S. mail.

                                      s/Michael Williams
                                      Case Manager for the
                                      Honorable Paul J. Komives