UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER LABRECK (#799461),

      Plaintiff,

                              CASE NO. 2:14-CV-10247
                              JUDGE LAURIE J. MICHELSON
                              MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

AARON'S RENTAL,[1]
JOHN DOE STORE MANAGER and
JOHN DOE CORPORATE ENTITY,

      Defendants.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO DISCOVER ADDRESS /
CONTACT INFORMATION OF DEFENDANT JOHN DOE STORE MANAGER (Doc.
Ent. 32) and DIRECTING THE U.S. MARSHAL TO ATTEMPT SERVICE**

**A.    Plaintiff's Original and Amended Complaints Describe Three (3) Defendants.**

Peter LaBreck (#799461) is currently incarcerated at the Michigan Department of Corrections (MDOC) Muskegon Correctional Facility (MCF).  *See* Doc. Ent. 31; *see also* www.michigan.gov/corrections, "Offender Search."  On January 17, 2014, while incarcerated at the Carson City Correctional Facility (DRF), LaBreck filed the instant lawsuit against Aaron's Rental, the store manager and the corporate entity.  Doc. Ent. 1.[2]

On May 21, 2014, apparently while incarcerated at the Midland County Jail (MCJ),

---

[1] Defendant's July 30, 2014 filing identifies defendant as Aaron's, Inc., improperly identified as Aaron's Rental.  *See* Doc. Ent. 33 at 1.

[2] On March 13, 2014, Aaron's Rental filed a Fed. R. Civ. P. 12(e) motion for more definite statement (Doc. Ent. 15).  Plaintiff filed a more definitive statement on April 9, 2014 (Doc. Ent. 18), and Aaron's Rental answered that filing on May 7, 2014 (Doc. Ent. 21).  On May 14, 2014, Judge Michelson entered an order (Doc. Ent. 22) denying as moot defendant Aaron's Rental's motion for more definite statement (Doc. Ent. 15) and requiring plaintiff to file an amended complaint within fourteen (14) days.

plaintiff filed an amended complaint which names the same three (3) defendants. Doc. Ent. 23. On May 22, 2014, Aaron's Rental filed an answer (Doc. Ent. 25) to plaintiff's amended complaint (Doc. Ent. 23).

**B.     Plaintiff's July 22, 2014 Motion Seeks Name and Address / Contact Information for Defendant John Doe Store Manager.**

Currently before the Court is plaintiff's July 22, 2014 motion (Doc. Ent. 32) to discover address/contact information of defendant John Doe Store Manager. Specifically, plaintiff seeks (1) the store manager's full name and (2) the store manager's address/contact information "in order to comply with Federal Rules of Civil Procedure for service of summons, complaint, and all motions." Doc. Ent. 32 ¶ 4.

Defendant Aaron's, Inc. filed a response (Doc. Ent. 33) on July 30, 2014. Aaron's, Inc. submits that "[t]he proper procedure for Plaintiff to attempt to discover the identity of employees of this Defendant would be to serve discovery requests that comply with the Federal Rules of Civil Procedure." Doc. Ent. 33 at 1 ¶ 2. Moreover, defendant Aaron's, Inc. "requests that [the] Court order Plaintiff, after notice and opportunity to be heard, to pay this Defendant's costs and attorney fees incurred in having to respond to this improper and frivolous motion pursuant to Federal Rule of Civil Procedure 11." Doc. Ent. 33 at 2; *see also* Doc. Ent. 33 at 3-4 (Brief).

**C.     Discussion**

**1.**     Disclosures and discovery are governed by Fed. Rules Civ. P. 26-37. Among these rules are mechanisms by which a party may seek information from its opponent(s). For example, plaintiff might serve interrogatories which comply with Fed. R. Civ. P. 33 ("Interrogatories to Parties."), requests for production of documents which comply with Fed. R. Civ. P. 34 ("Producing Documents, Electronically Stored Information, and Tangible Things, or Entering Onto Land, for Inspection and Other Purposes") or requests for admission which comply with

Fed. R. Civ. P. 36 ("Requests for Admission").

Therefore, if plaintiff seeks defendant Aaron's, Inc.'s store manager's name and address/contact information, he may acquire such information by service of an appropriate discovery request upon defendants Aaron's, Inc.

**2.** As an initial matter, this Court has directed the U.S. Marshal to effect service of process upon defendants. Specifically, on February 14, 2014, this Court granted plaintiff's application to proceed in forma pauperis and directed the U.S. Marshal to effect service of the complaint and summons upon each defendant. Doc. Ent. 5. That same day, a summons for Aaron's Rentals was issued. Doc. Ent. 6. On February 19, 2014, the U.S. Marshal acknowledged receipt of documents for service of process upon Aaron's Rentals. Doc. Ent. 8.

It appears that service upon defendant Aaron's Rentals was effected on February 20, 2014. Doc. Ent. 12.[3] On March 6, 2014, appearances of counsel were filed on behalf of defendant Aaron's Rental. Doc. Entries 13 and 14.

**3.** To date, defendant John Doe Store Manager has yet to appear in this lawsuit. According to plaintiff, "the United States Marshal Service has been unable to serve a copy of the summons and complaint upon Defendant John Doe Store Manager, for lack of address/contact information." Doc. Ent. 32 at 1 ¶ 3.

Here, it is clear that plaintiff seeks the name and address / contact information of this individual in order to facilitate service upon defendant John Doe Store Manager. While plaintiff might do so through service of a discovery request, it could take considerable time, and this case

---

[3]The process receipt and return indicates that service was effected at 1065 N. Perry Street, Pontiac, MI 48340. Doc. Ent. 12. However, it appears that the current address for Aaron's Pontiac, Michigan location is 1073 N. Perry St., Pontiac, MI 48340. *See* www.aarons.com, "Stores By State," "Pontiac," visited Aug. 19, 2014.

has already been ongoing for more than seven (7) months.

Therefore, considering that the U.S. Marshal has already been tasked with assisting plaintiff in effecting service of process upon defendants, and considering the above-described circumstances, I conclude that the most efficient method for securing this defendant's name and address / contact information in order to effect service of process is to require defendant Aaron's, Inc. to provide such information directly to the U.S. Marshal in accordance with Administrative Order 09-AO-043.[4]

Plaintiff is cautioned that future discovery requests must be served in accordance with Fed. Rules Civ. P. 26-37 and that any future motions filed must comply with E.D. Mich. LR 7.1 ("Motion Practice"), including Subsection (a) ("Seeking Concurrence in Motions and Requests.").

**D.     Order**

Upon consideration, plaintiff's July 22, 2014 motion to discover address/contact information of defendant John Doe Store Manager (Doc. Ent. 32) is GRANTED IN PART. Specifically, defendant Aaron's, Inc. SHALL provide to the U.S. Marshal in accordance with Administrative Order 09-AO-043 the name of John Doe Store Manager and an address at which such individual may be served, after which the U.S. Marshal SHALL attempt service of a summons and the amended complaint (Doc. Ent. 23) upon such person.

Furthermore, defendant Aaron's Inc.'s request for plaintiff to be sanctioned pursuant to

---

[4] While this Administrative Order concerns "Service of Process in Cases Involving an *In Forma Pauperis* Plaintiff and a Defendant Who is a Current or Former Employee of the Michigan Department of Corrections," the procedure it sets forth provides a mechanism "where the information will be maintained in a confidential manner and used only for service of process purposes." Administrative Order 09-AO-043.

Fed. R. Civ. P. 11 (*see* Doc. Ent. 33 at 2, 4) is DENIED WITHOUT PREJUDICE, as any such motion "must be made separately from any other motion[.]" Fed. R. Civ. P. 11(c)(2).

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: September 5, 2014         s/ Paul J. Komives
                                 PAUL J. KOMIVES
                                 UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on September 11, 2014, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Paul J. Komives

5