UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

PETER LABRECK,

    Plaintiff,       Civil Action No. 14-10247
                        Honorable Laurie J. Michelson
v.       Magistrate Judge Elizabeth A. Stafford

AARON'S RENTAL, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANTS' MOTION TO DISMISS [39]
AND DISMISS THIS ACTION WITH PREJUDICE**

**I.   INTRODUCTION**

*Pro se* Plaintiff Peter Labreck's Amended Complaint alleges Aaron's Rental and Ezra Lee[1] ("Defendants") violated his constitutional rights and the Consumer Credit Protection Act by denying his credit application based on race. [23]. The Honorable Laurie J. Michelson referred this action to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Before the Court is Defendants' motion to dismiss. [39]. For the following reasons, the Court **RECOMMENDS** that Defendants' motion to dismiss [39] be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

---

[1] Labreck identifies Ezra Lee as "John Doe, Store Manager." [23].

**II.     DISCUSSION**

When he brought this action, Labreck was a prisoner in the custody of the Michigan Department of Corrections. The Court informed him of his responsibility to notify the Court of any change in address, indicating that failing to do so may result in dismissal of his case. [*See* 7]. Labreck notified the Court that his address changed twice throughout the proceedings. [*See* 16, 31].

Recent attempts to serve Labreck have been unsuccessful. On January 7, 2015, the Court mailed him a notification that the case was reassigned from Magistrate Judge Paul J. Komives to the undersigned, but the mail was returned as undeliverable on January 20, 2015. [38]. On February 24, 2015, Defendants filed a motion to dismiss [39], and the Court entered an order requiring Labreck to respond [40]. The Court mailed the order to his last provided address [40], but it was returned as undeliverable – indicating that Labreck was paroled. [41]. Defendants attempted to serve Labreck with two separate Appearance of Counsel notices in mid-October [35, 36], but the mail was returned indicating that Labreck had been paroled. [39, Pg ID 140]. The MDOC website indicates that Labreck was discharged on January 7, 2015 and is not under active supervision. [39-2, Pg ID 155].

Defendants say the Court should dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) based on Labreck's failure to prosecute and his failure to comply with the order requiring him to notify the Court of any change in address. [39, Pg ID 141]. Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19— operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is well-settled that the Court has the inherent power to dismiss an action for failure to prosecute. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980). Further, a court is justified in dismissing for want of prosecution when a plaintiff has failed to provide notification of a change of address. *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002).

Here, Labreck was paroled, but he has not notified the Court of his new address. It appears that Labreck abandoned this action; he has not filed anything since July 2014, nor has he attempted to contact the Court or Defendants' counsel. Thus, the Court finds it appropriate to dismiss this action for failure to prosecute. Additionally, since Labreck received prior

3

notice that his failure to notify the Court of an address change may result in dismissal, the Court recommends that the dismissal be with prejudice. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 738 (6th Cir. 2008) (prior notice is key consideration for dismissal for failure to prosecute).

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motion to dismiss [39] be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE**.

                                                s/Elizabeth A. Stafford
                                                ELIZABETH A. STAFFORD
                                                United States Magistrate Judge

Dated: March 30, 2015

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2015.

> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager